IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| DANIEL DIAZ | (   No. MO-15-CV-120 |
| | ( |
| v. | ( |
| | ( |
| NATIONAL POSTAL MAIL HANDLERS UNION, LOCAL | ( |
| 311 | ( |

## RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE COURT:

DANIEL DIAZ, Plaintiff, files this Response to Motion to Dismiss filed by the Defendant pursuant to

Fed.R.Civ.P. 12(b)(6), and would urge the Court to deny the motion.

As grounds, the Plaintiff would show:

### 1.0

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion

under Rule 12(b)(6) asks a Court to dismiss a complaint for "failure to state a claim upon which relief

can be granted." Fed.R.Civ.P. 12(b)(6). In deciding a motion to dismiss under Fed.R.Civ.12(b(6).

A court generally accepts as true all factual allegations contained within the complaint. Leatherman v.

Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). A court is not

bound to accept legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286

(1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must

plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc.'ns Corp., 14 F.3d 1061,

1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially

plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Although a plaintiff's allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. Id. determining plausibility is a "context-specific task," that must be performed in light of a court's 'judicial experience and common sense." Id. at 679. In deciding a motion to dismiss, courts may consider the complaint as well as the sources court ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

## 2.0

This case presents a different scenario, as the suit was commenced in state court, using the pleading rules of Texas state courts.

The Plaintiff alleges that he was a member of the National Postal Mail Hander's Union; that he was notified of a termination on August 03, 2008; a grievance was filed by the Union Branch President Johnny Vandiver and the grievance was denied on December 26, 2008.

The Original Petition alleges that Daniel Diaz was diagnosed with a serious heart condition; that he was terminated for absenteeism; but that he could have performed his duties with reasonable accommodation. Mr. Diaz, thus, had a colorable claim for protection under the Americans With Disabilities Act. Mr. Diaz alleges that the Union did not prosecute a claim for protection under the Americans With Disabilities Act, and he did not learn of this failure to 2014.

## 3.0

The Plaintiff relies on authority to urge this case. In <u>Steele v. Louisville & Nashville Railroad</u>, 323 U.S. 192 (1944), the Supreme Court recognized a union's duty to represent non-union or minority members fairly, impartially and without hostile discrimination. Further, <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), the Supreme Court recognized the duty of fair representation for discharged blacks who were refused aid in preparing grievances.

However, the Plaintiff urges that this case is not governed by a six-month limitations period. The Plaintiff alleges that the Union breached a fiduciary duty when it failed to pursue a disability discrimination claim or when it failed to inform Mr. Diaz that "he would have to go it alone" on an ADA claim. The latter was critical, if, as the Union proposes that the collection bargaining agreement forecloses union action. Thus, Mr. Diaz was foreclosed from obtaining relief.

The Court thus would refer to the most applicable state statute of limitations. <u>Auto Workers v. Hoosier Cardinal Corp.</u>, 383 U.S. 696 (1966). The most applicable state statute would be that for fraud or breach of fiduciary duty which would be four years. Tex.Civ.Prac.&Rem.Code sec. 16.004(4)(5).

## CONCLUSION

Lastly, the Defendant has failed to establish as a matter of law that Mr. Diaz lacks standing to Prosecute this case against the Union and that the claim for breach of fiduciary duty is barred by A statute of limitations.

As such the Plaintiff meets the pleading requirements under Fed.R.Civ.P. 12(b(6).

## PRAYER

Wherefore, Daniel Diaz, the Plaintiff, moves for the Court to deny the motion to dismiss and set this case for a trial on the merits, and such other relief to which the Plaintiff, the non-movant, is entitled to receive.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 850
Midland, TX 79701
432-570-4014

By: /s/ Steve Hershberger
Steve Hershberger
Texas State Bar # 09543950

Attorney for Defendant

*Certificate of Service*

This is to certify that the foregoing Response to Motion to Dismiss was filed with the United States District Clerk using the ECF-electronic filing system on August 24, 2015, with directions to forward a copy to Mr. Edward Cloutman III, Cloutman & Cloutman, 3301 Elm Street, Dallas, TX 75226-2562.

/s/ Steve Hershberger
Steve Hershberger