UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| DANIEL DIAZ, | § | No. 7:15–CV–120–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| NATIONAL POSTAL MAIL | § | |
| HANDLERS UNION, 311, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTON TO DISMISS

Before the Court is Defendant National Postal Mail Handlers Union,

Local 311's ("Defendant" or "Local 311") Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) (Dkt. # 4).  Pursuant to Local Rule 7(h), the Court

finds this matter suitable for disposition without a hearing.  For the reasons that

follow, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 4).

BACKGROUND

Plaintiff Daniel Diaz ("Plaintiff") is a former employee of the United

States Postal Service ("USPS").  ("Compl.," Dkt. # 1 at 7.)  On August 3, 2008,

Plaintiff was terminated from his employment at USPS for absenteeism.  (Id.)

Plaintiff states that his absences were the result of a heart attack and medical

complications.  (Id.)  Plaintiff alleges that his termination was a pretext for

discrimination, and that his heart condition prevented him from performing his

regular duties without reasonable accommodation.  (Id. at 7.)   On the day Plaintiff

was terminated, he contacted Defendant, who filed a grievance on his behalf.  (Id.)

Plaintiff's grievance was denied on December 26, 2008.  (Id.)

On April 17, 2015, Plaintiff filed suit against Defendant in the District

Court of Ector County, Texas.  (Compl. at 6.)  Plaintiff claims that Defendant

breached its duty to represent his employment interests, because it failed to

prosecute a grievance under the Americans with Disabilities Act ("ADA"), and

further failed to notify Plaintiff of its failure to pursue an ADA claim on Plaintiff's

behalf.  (Id.)  Plaintiff alleges he did not discover the failure until "until the

calendar year 2014."  (Id. at 7.)

On August 6, 2015, Defendant removed the case to this Court.

(Compl. at 1.)  On August 13, 2015, Defendant filed the instant motion to dismiss

and motion for sanctions.  (Dkt. # 4.)  Plaintiff filed a response on August 24,

2015.  (Dkt. # 5.)  Defendant filed a reply on August 27, 2015.  (Dkt. # 6.)

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint

that "fail[s] to state a claim upon which relief can be granted" is subject to

dismissal under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."

Culbertson v. Lykos, 790 F.3d 608, 629 (5th Cir. 2015) (quoting Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)).  Plausibility requires "more than a sheer possibility that

a defendant has acted unlawfully."  United States v. Bollinger Shipyards, Inc., 775

F.3d 255, 260 (5th Cir. 2014).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  Bosarge v. Mississippi Bureau

of Narcotics, 796 F.3d 435, 439 (5th Cir. 2015).  "A claim for relief is implausible

on its face when the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct."  Harold H. Huggins Realty, Inc. v. FNC, Inc.,

634 F.3d 787, 796 (5th Cir. 2011).  "When considering a Rule 12(b)(6) motion to

dismiss for failure to state a claim, the district court must examine the complaint to

determine whether the allegations provide relief on any possible theory."

Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001).

In reviewing a motion to dismiss, the court "accept[s] all well-pleaded

facts as true, viewing them in the light most favorable to the plaintiff."  Zastrow v.

Houston Auto Imps. Greenway Ltd., 789 F.3d 553, 559 (5th Cir. 2015) (quoting

Gines v. D.R. Horton, Inc., 699 F.3d 812, 816 (5th Cir. 2012)).  The complaint

"need not include detailed factual allegations, but the [f]actual allegations must be

enough to raise a right to relief above the speculative level."  Ackerson v. Bean

Dredging LLC, 589 F.3d 196, 208 (5th Cir. 2009).  While the court is required to

accept all factual allegations contained within the complaint as true, it is "not

bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal,

556 U.S. at 678.

DISCUSSION

Defendant argues that Plaintiff's claim is preempted by the federal

duty of fair representation and time-barred by the applicable six-month statute of

limitations.  (Dkt. # 4 ¶¶ 4–6, 8.)  Further, Defendant seeks sanctions against both

Plaintiff and his counsel.  (Id. ¶ 8.)

I.    Whether State Law Claims are Preempted by Federal Labor Law

At the outset, it is important to note that Plaintiff's complaint does not

allege any specific cause of action, but appears to be a state-law tort claim for

breach of fiduciary duty.  (See Compl.; Dkt. # 5 at 3.)  However, Plaintiff's cause

of action is cognizable only as a claim for a violation of the federal duty of fair

representation.  See Bradley v. Phillips Petroleum Co., 527 F. Supp. 2d 661, 691–

92 (S.D. Tex. 2007) ("While the . . . Plaintiffs allege violations of Texas common

law tort duties, '[i]t is the conduct being regulated, not the formal description of

governing legal standards, that is the proper focus of concern.'" (quoting

Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Emp. v. Lockridge, 403 U.S.

274, 292 (1971))).  Notably, even Plaintiff's response cites cases discussing the

4

federal duty of fair representation: <u>Steele v. Louisville & Nashville Railroad</u>[1] and

<u>Conley v. Gibson</u>.[2]  (Dkt. # 5 at 3.)

   A.  <u>Applicable Law</u>

Although federal preemption "is an affirmative defense that a

defendant must plead and prove," it is properly the subject of a Rule 12(b)(6)

motion where the "complaint itself establishes the applicability of the defense."

<u>Fisher v. Halliburton</u>, 667 F.3d 602, 609 (5th Cir. 2012).  It is well settled that a

union acting in its representative capacity owes a duty of fair representation to its

constituents.  <u>Lindsey v. ATU Int'l</u>, No. 3:08-CV-0232-G, 2008 WL 2434302, at

*2 (N.D. Tex. June 17, 2008) (citing <u>Ford Motor Company v. Huffman</u>, 345 U.S.

330, 337–38 (1953)).  The duty of fair representation is implied by the National

Labor Relations Act ("NLRA") and requires a union to "fairly to represent all of

those employees subject to a collective bargaining agreement with an employer."

<u>Phillips Petroleum Co.</u>, 527 F. Supp. 2d at 691 (citing <u>Vaca v. Sipes</u>, 386 U.S. 171,

177 (1967)).

A union breaches its duty of fair representation when it represents one

of its members in a grievance procedure and acts in a "discriminatory, dishonest,

arbitrary, or perfunctory fashion."  <u>Smith v. Int'l Org. of Masters, Mates & Pilots</u>,

---

[1] 323 U.S. 192 (1994).
[2] 355 U.S. 41 (1957).

5

296 F.3d 380, 382 (5th Cir. 2002) (quoting <u>DelCostello v. Int'l Brotherhood of Teamsters</u>, 462 U.S. 151, 164 (1983)).  A union's duty of fair representation can also be breached by discriminatory failure to process a grievance.  <u>Steele v. Louisville & Nashville Railroad</u>, 323 U.S. 192, 202–203 (1944).  A complaint stating a duty of fair representation claim "allege[s] a breach by the Union of a duty grounded in federal statutes, and . . . federal law . . . governs [the] action." <u>Vaca</u>, 386 U.S. at 177.  Thus, state law is preempted where a plaintiff states a duty of fair representation claim.  <u>See</u> <u>Richardson v. United Steelworkers of Am.</u>, 864 F.2d 1162, 1169 (5th Cir. 1989).

   B.  <u>Analysis</u>

      Here, Plaintiff alleges (1) that Defendant had a "fiduciary duty" to fairly represent Plaintiff in the grievance process due to Plaintiff's membership status in the Union,[3] and that Defendant breached its duty by failing to file a grievance under the ADA.  (Compl. at 7.)  Plaintiff seeks damages in the amount

---

[3] While Plaintiff's complaint never explicitly identifies the function of the National Postal Mail Handler's Union, the Court takes judicial notice of the fact that Defendant is the exclusive bargaining representative for all mail handlers employed by the USPS.  <u>See</u> <u>Funk v. Stryker Corp.</u>, 631 F.3d 777, 783 (5th Cir. 2011) (finding that a district court may take judicial notice of facts "not subject to reasonable dispute . . . generally known within the territorial jurisdiction of the trial court" at the motion to dismiss stage, without converting the motion into one for summary judgment (quoting <u>Fed. R. Evid.</u> 201(b))); <u>see also</u> <u>Kitty Hawk Air Cargo, Inc., v. Chao</u>, 418 F.3d 453, 457 (2005) (taking judicial notice of the union's status as the collective bargaining representative).

6

of $450,000 as a result of this alleged failure.  (Id. at 8.)  Based on the substance of

the complaint, it is clear that Plaintiff's complaint states a cause of action for

breach of the duty of fair representation.  See Smith, 296 F.3d at 382 (holding that

the plaintiff's cause of action was a claim for breach of the duty of fair

representation where the plaintiff "allege[d] damages arising out of the Union's

refusal to pursue the grievance mechanism"); see also Mitchell v. Cont'l Airlines,

Inc., 481 F.3d 225, 232 (5th Cir. 2007).   Therefore, Plaintiff's state law claim for

breach of fiduciary duty is preempted by the duty of fair representation; whether

the claim is time-barred will be addressed accordingly.

## II.    Applicable Statute of Limitations

A claim for the breach of the duty of fair representation is governed

by a six-month limitations period.  DelCostello, 462 U.S. at 170 (applying the

limitations period from § 10(b) of the NLRA to fair representation claims upon

finding the short limitations period balances "the national interests in stable

bargaining relationships . . . [with] an employee's interest in setting aside what he

views as an unjust settlement" (quoting United Parcel Service v. Mitchell, 451 U.S.

56, 70 (1981))).  "A motion to dismiss may be granted on a statute of limitations

defense where it is evident from the pleadings that the action is time-barred, and

the pleadings fail to raise some basis for tolling."  Taylor v. Bailey Tool Mfg. Co.,

744 F.3d 944, 946 (5th Cir. 2014).

Plaintiff argues that his case should be governed by the four-year state statute of limitations for fraud or breach of fiduciary duty, as provided in Section 16.004(4)(5) of the Texas Civil Practice and Remedies Code.  (Dkt. # 5 at 3.)  However, as established above, Plaintiff's claim is a claim for the breach of the duty of fair representation, and a six-month limitations applies.  Smith, 296 F.3d at 382 (holding that a six-month statute of limitations period applies to an employee's duty of fair representation claim against a union); see also Richardson, 864 F.2d at 1167; Thomas v. LTV Corp., 39 F.3d 611, 622 (5th Cir. 1994) (noting that "hybrid" suits are still subject to a six-month statute of limitations).

Here, Plaintiff's grievance was denied on December 26, 2008 and Plaintiff did not file suit in state court until April 17, 2015.  (Dkt. # 1 at 6–7.) Since Plaintiff filed suit outside the applicable six-month limitations period, his claim is time-barred and must be dismissed.

III.    Whether Sanctions Should be Issued

Defendant requests that the Court impose monetary sanctions against Plaintiff and Plaintiff's counsel for filing a frivolous complaint.  (Dkt. # 4 ¶¶ 4, 8.) Defendant asserts that Plaintiff's counsel should have known that Plaintiff's claim was both preempted and time-barred, because he was involved in a nearly identical suit against National Mail Handlers Union in 2008.  (Id. ¶ 4) (citing Miranda v. Nat'l Mail Handlers Union, 219 Fed. App'x 340, 2007 WL329261 (5th Cir. 2008)

(finding that state law claims were preempted by federal law and time-barred due to a six-month limitations period)).

Since Plaintiff's complaint was filed in Texas state court, the Court applies the Texas state sanctions rules.  Tompkins v. Cyr, 202 F.3d 770, 787 (5th Cir. 2000) ("[S]tate sanctions rules [apply] to pleadings filed in state court before removal.").  Rule 13 of the Texas Rules of Civil Procedure states that an attorney who signs a "pleading, motion, or other paper" is certifying that the filing "is not groundless and brought in bad faith or groundless and brought for the purpose of harassment."  Tex. R. Civ. P. 13; see also Tompkins, 202 F.3d at 787.  Where a filing "is signed in violation of this rule, the court . . . shall impose an appropriate sanction available under [Texas] Rule 215 upon the person who signed it, a represented party, or both."  Tex. R. Civ. P. 13; see also Thompkins, 202 F.3d at 787.

A "groundless" paper is one with "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law."  Tex. R. Civ. P. 13.  "To determine if a pleading was groundless, the trial court uses an objective standard: did the party and counsel make reasonable inquiry into the legal and factual basis of the claim?"  Harrison v. Harrison, 363 S.W.3d 859, 863 (Tex. App. 2012) (quoting In re United Servs. Auto. Ass'n, 76 S.W.3d 112, 116 (Tex. App. 2002)).

In addition to showing that the suit was groundless as defined in Rule

13, the party must also demonstrate that it was "brought in bad faith" or "brought

for the purpose of harassment."  Tex. R. Civ. P. 13.  Rule 13 contains a

presumption that papers are filed in good faith.  Id.  "The party seeking sanctions

bears the burden of overcoming this presumption of good faith."  Design Holdings,

L.P. v. MMP Corp., 339 S.W.3d 195, 203–04 (Tex. App. 2011).  Moreover, "[b]ad

faith is not simply bad judgment or negligence, but means the conscious doing of a

wrong for dishonest, discriminatory, or malicious purpose."  Keith v. Solls, 256

S.W.3d 912, 916 (Tex. App. 2008).  To establish bad faith, the movant must show

more than mere negligence or bad judgment; it must prove "the conscious doing of

a wrong for dishonest, discriminatory, or malicious purpose."  Robson v.

Gilbreath, 267 S.W.3d 401, 407 (Tex. Ap. 2008).   Finally, a claim is not brought

in bad faith simply because it is time-barred.  See Cal. Fed. Mortg. Co. v. St., 824

S.W.2d 622, 627 (Tex. App. 1991) (declining to hold as a matter of law that

Plaintiff's time-barred suit was groundless and brought in bad faith).

A. Appropriateness of Sanctions as to Counsel

Defendant contends that at the time Plaintiff's counsel filed the

original petition, Plaintiff's counsel knew that the claim was preempted by federal

law and time-barred by the applicable six-month statute of limitations.

(Dkt. # 4 ¶¶ 4, 6.)  Plaintiff's original petition may be groundless; however,

10

Defendant has failed to demonstrate that the complaint was also "brought in bad faith," or brought for the purposes of harassment.  Alejandro v. Robstown Indep. Sch. Dist., 131 S.W.3d 663, 670 (Tex. App. 2004) (explaining that "[a] movant seeking rule 13 sanctions must" demonstrate the pleading was both groundless and made in bad faith); Chambless v. Barry Robinson Farm Supply, Inc., 667 S.W.2d 598, 604 (Tex. App. 1984) ("The fact that [a] suit . . . [is] groundless does not per se establish bad faith.").  Because the required showing of bad faith or harassment has not been made, the Court will not impose monetary sanctions on Plaintiff's counsel.

   B.  Appropriateness of Sanctions as to Plaintiff

       In Texas, courts are prohibited from imposing "monetary sanctions against a represented party based on the legal contentions in a pleading." Nath v. Texas Children's Hosp., 446 S.W.3d 355, 369 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code § 10.004(d)).  Defendant's request for monetary sanctions against Plaintiff is **DENIED**.

CONCLUSION

       For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Defendant's request for monetary sanctions (Dkt. # 4).  This case is **DISMISSED WITH PREJUDICE**.

11

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, March 1, 2016.

David Alan Ezra
Senior United States Distict Judge